UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

E.Y., a Minor, by his Mother and      )
Next Friend, TENILLE WALLACE, and   )
TENILLE WALLACE, Individually,      )
                              )   No.:   1:10-cv-7346
       Plaintiffs           )
                              )
v.                          )
                              )
THE UNITED STATES OF AMERICA,   )   ***PLAINTIFFS DEMAND***
                              )     ***TRIAL BY JURY***
       Defendant.          )

## COMPLAINT AT LAW

## COUNT I - MEDICAL NEGLIGENCE - MINOR PLAINTIFF

Plaintiff, E.Y., a Minor, by his Mother and Next Friend, TENILLE WALLACE, by her

attorneys, CLIFFORD LAW OFFICES, P.C., complaining of the Defendant, THE UNITED

STATES OF AMERICA (hereinafter "USA"), states as follows:

1.     On March 29, 2005, and at all times mentioned herein, FRIEND FAMILY

HEALTH CENTER, INC., (hereinafter "CENTER") was a corporation providing health care

services to patients.

2.     On March 29, 2005, and at all times mentioned herein, NANA BINEY, M.D.

(hereinafter "BINEY"), was a physician duly licensed to practice medicine in the State of Illinois

specializing in obstetrics and gynecology.

3.     On March 29, 2005, and at all times mentioned herein, BINEY was a duly

authorized agent and employee of CENTER and was acting within the scope of her agency and

employment.

4.     On March 29, 2005, and at all times mentioned herein, CENTER employed

various nurses, aids, technicians and other staff who were the duly authorized agents and employees of CENTER.

5.  On  March 29, 2005,  and at all times mentioned herein, CENTER was a private entity that received grant money from the U.S. Public Health Services pursuant to 42 USC §233(b).

6.  On March 29, 2005,  and at all times mentioned herein, as certified by Defendant, USA, pursuant to 42 USC §233, CENTER and BINEY, and each of them, were acting within the scope of their employment with a private entity that received grant money from the U.S. Public Health Services pursuant to 42 USC §233(b).

7.  On November 4, 2004, and thereafter, Plaintiff, TENILLE WALLACE, went to CENTER, and came under the treatment of BINEY, as well as under the treatment of various other agents and employees of CENTER, including, but not limited to, nurses, aids, technicians and other staff, for prenatal care for a condition commonly known as pregnancy.

8.  On March 29, 2005, Plaintiff, TENILLE WALLACE, presented at CENTER for a prenatal visit with an elevated blood pressure and complained of face and hand edema and visual changes and was evaluated and treated by BINEY, as well as by various other agents and employees of  CENTER, including, but not limited to, nurses, aids, technicians and other staff.

9.  On April 4, 2005, Plaintiff, TENILLE WALLACE, presented at University of Chicago Hospital with a condition commonly known as pregnancy, complaining of contractions and came under the treatment of Catherine Harth, M.D., Kenneth R. Macek, M.D., Natasha Jenkins, M.D.,  Sarosha Rana, M.D., Kristine Wroblewski, R.N. and Shirley Mc Clain, R.N., and each of them, as well as under the treatment of various other agents and employees of the

2

University of Chicago Hospital.

10.     On April 4, 2005, Minor Plaintiff, E.Y., was delivered by C-section by Catherine

Harth, M.D., Kenneth R. Macek, M.D., Natasha Jenkins, M.D. and Sarosha Rana, M.D. with the

active aid and assistance of various other, nurses, aids, technicians, interns, residents, fellows,

attending physicians and other staff of the University of Chicago Hospital.

11 .     On March 29, 2005, and at all times mentioned herein, BINEY had the duty to

possess and apply the knowledge and use the skill and care ordinarily used by reasonably well

qualified and careful physicians in the same or similar circumstances.

12.     On March 29, 2005, and at all times mentioned herein, CENTER, by its duly

authorized agents and employees, had the duty to possess and apply the knowledge and use the

skill and care ordinarily used by reasonably well qualified and careful health care providers in the

same or similar circumstances.

13.     On March 29, 2005, and thereafter, Defendant, USA, through its duly authorized

agents and employees, BINEY and CENTER, was negligent in the following respects:

   a.      Failed to place Plaintiff, TENILLE WALLACE, on a fetal monitor to confirm
           fetal well-being on March 29, 2005 at FRIEND FAMILY HEALTH CENTER;

   b.      Failed to follow-up on the condition of Plaintiff, TENILLE WALLACE, and her
           baby after the clinic visit of March 29, 2005; and

   c.      Failed to perform antepartum testing (NST, biophysical profile or ultrasound) on
           Plaintiff, TENILLE WALLACE, to confirm fetal well-being within 24 hours of
           the clinic visit of March 29, 2005.

14.     On March 29, 2005, and thereafter, Defendant, USA, through its duly authorized

agents and employees, the CENTER nursing staff, was negligent in the following respects:

   a.      Failed to place Plaintiff, TENILLE WALLACE, on a fetal monitor to confirm

3

fetal well-being on March 29, 2005 at the FRIEND FAMILY HEALTH CENTER; and

b.     Failed to follow-up on the condition of Plaintiff, TENILLE WALLACE, and her baby after the clinic visit of March 29, 2005.

15.     As a direct and proximate result of the aforesaid negligent acts and/or omissions of the Defendant, Plaintiff, E.Y., a Minor, sustained injuries of a personal and pecuniary nature.

16.     On December 10, 2008, Plaintiff filed an action against CENTER, BINEY, and various other Defendants in the Circuit Court of Cook County, Illinois.

17.     On June 2, 2009, Defendant, USA, removed the aforesaid action pursuant to 28 USC §2679(d) and 42 USC § 233 on the basis that removal to the United States District Court was required based upon the Attorney General's certification that, at the time of the incident, the USA was the duly authorized employer of CENTER and its employee physician, BINEY, and the various other nurses, aids, technicians and staff employed by CENTER, pursuant to 42 U.S.C. § 233(g), for Federal Tort Claims Act purposes only.

18.     In the removed case 09 CV 3194 in this Court, the Defendant, USA, was substituted as the party Defendant in lieu of CENTER and BINEY.

19.     After the aforesaid removal, Defendant, USA, filed a motion to dismiss on the basis that the Plaintiff had failed to present her claim to the appropriate federal agency and as such had failed to exhaust her administrative remedies as required under the Federal Tort Claims Act, 28 USC §2671 *et seq.,* specifically 28 USC § 2675(a).

20.     On September 30, 2009, the District Court dismissed Plaintiff's FTCA claim against the USA, without prejudice, and remanded to state court the Plaintiff's state law claims, inter alia, against the University of Chicago Medical Center, Catherine Harth, M.D., Kenneth R.

4

Macek, M.D., Natasha Jenkins, M.D., Sarosh Rana, M.D., Kristine Wroblewski, R.N. and

Sherley Mc Clain, R.N.

21.     On October 28, 2009, Plaintiff TENILLE WALLACE,  filed an administrative tort

claim with the Standard Form 95 on behalf of minor Plaintiff, E.Y.

22.     On July 27, 2010, the United States Department of Health and Human Services

denied the Plaintiff's claim, thus entitling the Plaintiff to file suit against the USA in District

Court.  28 U.S.C. § 2401 (b).

23.     This cause is timely filed within 6 (six) months of the denial of Plaintiff's

administrative claim pursuant to 28 USC §2401(b).

24.     Attached to this Complaint at Law are the reviewing physician reports required

under state law by 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, E.Y., a Minor, by his Mother and Next Friend, TENILLE

WALLACE, demands judgment against the Defendant, THE UNITED STATES OF AMERICA,

in an amount in excess of ONE HUNDRED THOUSAND DOLLARS ($100,000.00).

## COUNT II - FAMILY EXPENSE ACT - TENILLE WALLCE

Plaintiff, TENILLE WALLACE, by her attorneys, CLIFFORD LAW OFFICES, P.C.,

complaining of the Defendant, THE UNITED STATES OF AMERICA (hereinafter "USA"),

states as follows:

1.     On  March 29, 2005, and at all times mentioned herein, FRIEND FAMILY

HEALTH CENTER, INC., (hereinafter "CENTER") was a corporation providing health care

services to patients.

2.     On March 29, 2005, and at all times mentioned herein, NANA BINEY, M.D.

(hereinafter "BINEY"), was a physician duly licensed to practice medicine in the State of Illinois specializing in obstetrics and gynecology.

3.      On March 29, 2005, and at all times mentioned herein, BINEY was a duly authorized agent and employee of CENTER and was acting within the scope of her agency and employment.

4.      On March 29, 2005, and at all times mentioned herein, CENTER employed various nurses, aids, technicians and other staff who were the duly authorized agents and employees of CENTER.

5.      On March 29, 2005, and at all times mentioned herein, CENTER was a private entity that received grant money from the U.S. Public Health Services pursuant to 42 USC §233(b).

6.      On March 29, 2005, and at all times mentioned herein, as certified by Defendant, USA, pursuant to 42 USC §233, CENTER and BINEY, and each of them, were acting within the scope of their employment with a private entity that received grant money from the U.S. Public Health Services pursuant to 42 USC §233(b).

7.      On November 4, 2004, and thereafter, Plaintiff, TENILLE WALLACE, went to CENTER, and came under the treatment of BINEY, as well as under the treatment of various other agents and employees of CENTER, including, but not limited to, nurses, aids, technicians and other staff, for prenatal care for a condition commonly known as pregnancy.

8.      On March 29, 2005, Plaintiff, TENILLE WALLACE, presented at CENTER for a prenatal visit with an elevated blood pressure and complained of face and hand edema and visual changes and was evaluated and treated by BINEY, as well as by various other agents and

6

employees of CENTER, including, but not limited to, nurses, aids, technicians and other staff.

9.    On April 4, 2005, Plaintiff, TENILLE WALLACE, presented at University of Chicago Hospital with a condition commonly known as pregnancy, complaining of contractions and came under the treatment of Catherine Harth, M.D., Kenneth R. Macek, M.D., Natasha Jenkins, M.D.,  Sarosha Rana, M.D., Kristine Wroblewski, R.N. and Shirley Mc Clain, R.N., and each of them, as well as under the treatment of various other agents and employees of the University of Chicago Hospital.

10.    On April 4, 2005, Minor Plaintiff, E.Y., was delivered by C-section by Catherine Harth, M.D., Kenneth R. Macek, M.D., Natasha Jenkins, M.D. and Sarosha Rana, M.D.  with the active aid and assistance of various other, nurses, aids, technicians, interns, residents, fellows, attending physicians and other staff of the University of Chicago Hospital.

11 .    On March 29, 2005, and at all times mentioned herein, BINEY had the duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified and careful physicians in the same or similar circumstances.

12.    On March 29, 2005, and at all times mentioned herein, CENTER, by its duly authorized agents and employees, had the duty to possess and apply the knowledge and use the skill and care ordinarily used by reasonably well qualified and careful health care providers in the same or similar circumstances.

13.    On March 29, 2005, and thereafter, Defendant, USA, through its duly authorized agents and employees, BINEY and CENTER, was negligent in the following respects:

a.    Failed to place Plaintiff, TENILLE WALLACE, on a fetal monitor to confirm fetal well-being on March 29, 2005 at FRIEND FAMILY HEALTH CENTER;

7

b.       Failed to follow-up on the condition of Plaintiff, TENILLE WALLACE, and her baby after the clinic visit of March 29, 2005; and

c.       Failed to perform antepartum testing (NST, biophysical profile or ultrasound) on Plaintiff, TENILLE WALLACE, to confirm fetal well-being within 24 hours of the clinic visit of March 29, 2005.

14.      On March 29, 2005, and thereafter, Defendant, USA, through its duly authorized agents and employees, the CENTER nursing staff, was negligent in the following respects:

a.       Failed to place Plaintiff, TENILLE WALLACE, on a fetal monitor to confirm fetal well-being on March 29, 2005 at the FRIEND FAMILY HEALTH CENTER; and

b.       Failed to follow-up on the condition of Plaintiff, TENILLE WALLACE, and her baby after the clinic visit of March 29, 2005.

15.      As a direct and proximate result of the aforesaid negligent acts and/or omissions of the Defendant, Plaintiff, E.Y., a Minor, sustained injuries of a personal and pecuniary nature.

16.      As a direct and proximate result of one or more of the aforesaid negligent acts and/or omissions, Plaintiff, TENILLE WALLACE, as the parent of E.Y., a Minor, became obligated for various hospital and medical expenses under the Family Expense Act, 750 ILCS 65/15 and brings this action to recover said expenses.

17.      On December 10, 2008, Plaintiff filed an action against CENTER, BINEY, and various other Defendants in the Circuit Court of Cook County, Illinois.

18.      On June 2, 2009, Defendant, USA, removed the aforesaid action pursuant to 28 USC §2679(d) and 42 USC § 233 on the basis that removal to the United States District Court was required based upon the Attorney General's certification that, at the time of the incident, the USA was the duly authorized employer of CENTER and its employee physician, BINEY, and the various other nurses, aids, technicians and staff employed by CENTER, pursuant to 42 U.S.C. §

8

233(g), for Federal Tort Claims Act purposes only.

19.     In the removed case 09 CV 3194 in this Court, the Defendant, USA, was substituted as the party Defendant in lieu of CENTER and BINEY.

20.     After the aforesaid removal, Defendant, USA, filed a motion to dismiss on the basis that the Plaintiff had failed to present her claim to the appropriate federal agency and as such had failed to exhaust her administrative remedies as required under the Federal Tort Claims Act, 28 USC §2671 *et seq.,* specifically 28 USC § 2675(a).

21.     On September 30, 2009, the District Court dismissed Plaintiff's FTCA claim against the USA, without prejudice, and remanded to state court the Plaintiff's state law claims, inter alia, against the University of Chicago Medical Center, Catherine Harth, M.D., Kenneth R. Macek, M.D., Natasha Jenkins, M.D., Sarosh Rana, M.D., Kristine Wroblewski, R.N. and Sherley Mc Clain, R.N.

22.     On October 28, 2009, Plaintiff TENILLE WALLACE, filed an administrative tort claim with the Standard Form 95 on behalf of minor Plaintiff, E.Y.

23.     On July 27, 2010, the United States Department of Health and Human Services denied the Plaintiff's claim, thus entitling the Plaintiff to file suit against the USA in District Court. 28 U.S.C. § 2401 (b).

24.     This cause is timely filed within 6 (six) months of the denial of Plaintiff's administrative claim pursuant to 28 USC §2401(b).

25.     Attached to this Complaint at Law are the reviewing physician reports required under state law by 735 ILCS 5/2-622 of the Illinois Code of Civil Procedure.

WHEREFORE, Plaintiff, TENILLE WALLACE, demands judgment against the

9

Defendant, THE UNITED STATES OF AMERICA, in an amount in excess of ONE HUNDRED

THOUSAND DOLLARS ($100,000.00).


By: s/   Susan A. Capra

SUSAN A. CAPRA
Attorney for Plaintiffs
CLIFFORD LAW OFFICES, P.C.
120 N. La Salle Street, Suite 3100
Chicago, Illinois 60602
(312) 899-9090
SAC@cliffordlaw.com

November 8, 2010

Susan A. Capra, Esq.
Clifford Law Offices, P.C.
120 North LaSalle, Suite 3100
Chicago, Illinois 60602

      RE:    E.Y., et al. v. Friend Family Health Center, et al.
              Your File No.08-0123

Dear Ms. Capra:

I am a physician duly licensed to practice medicine in all of its branches. I am board certified in obstetrics and gynecology and maternal fetal medicine. I am knowledgeable in the relevant issues involved in this particular action. I have practiced within the last six years in the same area of health care that is at issue in this action and have substantial experience in practicing obstetrics, and I am qualified by experience and demonstrated competence in the subject of this case.

I have reviewed the medical records of Tenille Wallace and E.Y. from the University of Chicago Hospital (including fetal monitor strips) and the Friend Family Health Center. Based upon my review of the aforementioned materials, and my training, education and experience, I have determined that there is a reasonable and meritorious cause for the filing of an action against the nursing staff at Friend Family Health Center. My opinions, based upon a reasonable degree of medical certainty, are that certain acts and/or omissions by the nursing staff at Friend Family Health Center breached the medical standard of care.

In 2004, Tenille Wallace, age 20, became pregnant for the first time. Her EDC was calculated to be April 13, 2005. Tenille Wallace had regular prenatal care at the Friend Family Health Center from Dr. Nana Biney. Her prenatal course was unremarkable until March 29, 2005. On March 29, 2005, Tenille Wallace complained to Dr. Biney of hand and face edema with visual changes. Her blood pressure was noted to be elevated. Dr. Biney requested that Tenille Wallace have prolonged fetal monitoring in labor and delivery and she was to return to the clinic in one week. Tenille Wallace did not have the prolonged fetal monitoring and presented at the University of Chicago Hospital in labor on April 4, 2005. A C-section was performed on Tenille Wallace because of non-reassuring fetal monitor strips on April 4, 2005.

On March 29, 2005, and thereafter, the nursing staff at the Friend Family Health Center deviated from the standard of care in the following ways:

a.    Failed to place Tenille Wallace on a fetal monitor to confirm fetal well-being on March 29, 2005 at the Friend Family Health Center; and

b.    Failed to follow up on the condition of Tenille Wallace and her baby after the clinic visit of March 29, 2005.

The aforesaid acts and/or omissions by the nursing staff at the Friend Family Health Center were a proximate cause of injury to EY.

My opinions are subject to modification pending review of further materials.

Very truly yours,

November 8, 2010

Susan A. Capra, Esq.
Clifford Law Offices, P.C.
120 North LaSalle, Suite 3100
Chicago, Illinois 60602

      RE:    E.Y., et al. v. Nana Biney, M.D., et al.
              Your File No.08-0123

Dear Ms. Capra:

      I am a physician duly licensed to practice medicine in all of its branches. I am board certified in obstetrics and gynecology and maternal fetal medicine. I am knowledgeable in the relevant issues involved in this particular action. I have practiced within the last six years in the same area of health care that is at issue in this action and have substantial experience in practicing obstetrics, and I am qualified by experience and demonstrated competence in the subject of this case.

      I have reviewed the medical records of Tenille Wallace and E.Y. from the University of Chicago Hospital (including fetal monitor strips) and the Friend Family Health Center. Based upon my review of the aforementioned materials, and my training, education and experience, I have determined that there is a reasonable and meritorious cause for the filing of an action against the Friend Family Health Center and Nana Biney, M.D. My opinions, based upon a reasonable degree of medical certainty, are that certain acts and/or omissions of Dr. Biney breached the medical standard of care.

      In 2004, Tenille Wallace, age 20, became pregnant for the first time. Her EDC was calculated to be April 13, 2005. Tenille Wallace had regular prenatal care at the Friend Family Health Center from Dr. Nana Biney. Her prenatal course was unremarkable until March 29, 2005. On March 29, 2005, Tenille Wallace complained to Dr. Biney of hand and face edema with visual changes. Her blood pressure was noted to be elevated. Dr. Biney requested that Tenille Wallace have prolonged fetal monitoring in labor and delivery and she was to return to the clinic in one week. Tenille Wallace did not have the prolonged fetal monitoring and presented at the University of Chicago Hospital in labor on April 4, 2005. A C-section was performed on Tenille Wallace because of non-reassuring fetal monitor strips on April 4, 2005.

      On March 29, 2005, and thereafter, Nana Biney, M.D. deviated from the standard of care in the following ways:

a.  Failed to place Tenille Wallace on a fetal monitor to confirm fetal well-being on March 29, 2005 at the Friend Family Health Center;

b.  Failed to follow up on the condition of Tenille Wallace and her baby after the clinic visit of March 29, 2005; and

c.  Failed to perform antepartum testing (NST, biophysical profile or ultrasound) on Tenille Wallace to confirm fetal well-being within 24 hours of the clinic visit of March 29, 2005.

The aforesaid acts and/or omissions by Dr. Biney were a proximate cause of injury to EY.

My opinions are subject to modification pending review of further materials.

Very truly yours.